IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TAMMY J. ANGELL,

                Plaintiff,

v.                                                  ORDER

WALMART, INC., and                          21-cv-736-jdp
GROUP HEALTH COOPERATIVE OF EAU CLAIRE

                Defendant.

---

Plaintiff, Tammy J. Angell, alleges that she was burned by a defective candle that she purchased from defendant, Walmart, Inc. Angell also names Group Health Cooperative of Eau Claire as a defendant because of its subrogation interest in the case. Group Health asserts a subrogation crossclaim against Walmart and a reimbursement counterclaim against Angell. Dkt. 5. Walmart removed the case to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332, which requires: (1) an amount in controversy more than $75,000; and (2) diversity of citizenship between plaintiff and defendants. The court will need more information about the amount in controversy to determine whether it has jurisdiction.

Walmart asserts that the amount in controversy exceeds $75,000 based on the nature of Angell's injuries, which include burns and permanent facial scarring. But Angell has stipulated in writing that she is not seeking more than $75,000 in damages. Dkt. 7. Removal is proper on the basis of the defendant's asserted amount in controversy if the court finds by a preponderance of the evidence that the amount exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). If plaintiff contests

defendant's allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied" *Id*. at 88. So the parties will have to submit evidence of the amount in controversy.

The court is satisfied that the parties are diverse in citizenship. Walmart concedes that Group Health is a citizen of Wisconsin, but it contends that Group Health is a nominal defendant whose citizenship doesn't matter for diversity purposes. Dkt. 1. A subrogated party may well be a real party in interest. But Group Health would be more properly aligned as a plaintiff here. A district court may realign parties "when the court finds that no actual, substantial controversy exists between the parties on one side of the dispute and their named opponents." *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009). Generally, a subrogated insurers' interests are aligned with the plaintiff's interests, because both parties hope to obtain the maximum recovery possible. *Krause v. Wal-Mart Stores, Inc.*, No. 19-cv-786-jdp, 2019 WL 5310680, at *1 (W.D. Wis. Oct. 21, 2019). With Group Health aligned as a plaintiff, there is complete diversity of citizenship.

Defendant may have until January 19, 2022, to submit supplemental materials that are sufficient to determine whether the amount in controversy exceeds $75,000. Angell may have until January 31, 2022, to respond.

Entered January 4, 2022.

                                                              BY THE COURT:

                                                               /s/

                                                               _____

                                                               JAMES D. PETERSON
                                                               District Judge